# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS

Filed: May 5, 2023

```
*   *   *   *   *   *   *   *   *   *   *   *   *
GINGER PAHOS,                          *         Unpublished
                                       *
            Petitioner,                *         No.17-1455V
                                       *
v.                                     *         Special Master Gowen
                                       *
SECRETARY OF HEALTH                    *         Interim Attorneys' Fees and Costs.
AND HUMAN SERVICES,                    *
                                       *
            Respondent.                *
*   *   *   *   *   *   *   *   *   *   *   *   *
```

*David J. Carney,* Green & Schafle LL, Philadelphia, PA, for petitioner.
*David M. O'Dea,* U.S. Department of Justice, Washington, D.C., for respondent.

## DECISION ON INTERIM ATTORNEYS' FEES AND COSTS[1]

On March 3, 2023, Ginger Pahos, petitioner, filed a motion for interim attorneys' fees and costs. Petitioner Interim Fees Application ("Int. Fee App.") (ECF No. 88). For the reasons discussed below, the undersigned **GRANTS** petitioner's motion and find that an award for interim attorneys' fees and costs is warranted.

### I. Relevant procedural history

On October 5, 2017, petitioner filed her petition in the National Vaccine Injury Compensation Program. Petition (ECF No. 1). Petitioner alleges that as a result of receiving the influenza ("flu") vaccine on October 8, 2014, she suffered neuromyelitis optica. *Id.* Petitioner filed medical records to accompany her petition. *See* Pet. Exhibits ("Exs.") 1-10 (ECF No. 5).

On September 12, 2018, respondent filed the Rule 4(c) report recommending that compensation be denied. Respondent ("Resp.") Report ("Rept.") (ECF No. 20). Petitioner filed additional medical records on January 9, 2019. ECF No. 22. On February 19, 2019, petitioner

---

[1] Pursuant to the E-Government Act of 2002, *see* 44 U.S.C. § 3501 note (2012), because this decision contains a reasoned explanation for the action in this case, I am required to post it to a publicly available website. This decision will appear at https://www.govinfo.gov/app/collection/uscourts/national/cofc or on the Court of Federal Claims website. **This means the decision will be available to anyone with access to the Internet.** Before the decision is posted on the court's website, each party has 14 days to file a motion requesting redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). "An objecting party must provide the court with a proposed redacted version of the decision." *Id.* **If neither party files a motion for redaction within 14 days, the decision will be posted on the court's website without any changes.** *Id.*

filed an expert report from Dr. Justin Willer.  Pet. Ex. 12 (ECF No. 24).  Respondent filed an expert report from Dr. Subramanian Sriram on June 3, 2019.  Resp. Ex. A (ECF No. 28).

A Rule 5 Status Conference was held on August 7, 2019.  Rule 5 Order (ECF No. 29).  I directed petitioner to file a supplemental expert report from an immunologist and gave respondent the opportunity to file responsive reports or to enter into settlement negotiations with petitioner.  *Id.* at 2.

Petitioner filed a responsive report from Dr. Willer and an expert report from Dr. Christina Price.  Pet. Exs. 21,22 (ECF No. 31).  Respondent filed responsive expert reports from Dr. Thomas Forsthuber and Dr. Sriram.  Resp. Exs. C, D (ECF No. 34, 35).

Then on July 7, 2020, petitioner filed a motion to substitute attorneys.  ECF No. 36.  Mr. David Carney became counsel for the petitioner.

Petitioner filed another expert report from Dr. Lawrence Steinman on November 30, 2020.  Pet. Ex. 33.  Afterwards, I held another status conference, where the I ordered petitioner to transmit a demand to respondent and also set deadlines for additional expert reports to be filed by both parties.  Scheduling Order (ECF No. 48).  Both parties filed additional expert reports. *See* Resp. Exs. F, G, H; Pet. Ex. 36.

On October 4, 2021, respondent filed a status report stating that he did not want to participate in settlement discussions and to continue to litigate this claim.  Resp. Status Rept. (ECF No. 60).  Given the parties positions, an entitlement hearing was set for November 15, 2022.

A two-day entitlement hearing was held from November 15, 2022 through November 16, 2022.  Petitioner had Drs. Willer and Steinman testify on her behalf.  Respondent had Drs. Forsthuber and Sriram testify.

On February 27, 2023, petitioner filed a post-hearing brief.  Then on March 3, 2023, petitioner filed this motion for interim attorneys' fees and costs.  Petitioner is requesting fees for her first attorney, Ms. Kate Westad, and the three law firms that Ms. Westad worked at while this claim was pending, for a total of $61,304.51.  Int. Fees App. at 3-4.  Petitioner is also requesting that her current attorney, Mr. David  Carney be reimbursed for a total of $251,178.47 in attorneys' fees and costs.  *Id.* at 2.  On March 13, 2023, respondent filed a response to petitioner's request, stating, "respondent defers to the Special Master to determine whether or not petitioner has met her legal standard for an interim fees and costs award," and that respondent "requests that the Court exercise its discretion regarding petitioner's request for an award of interim attorneys' fees and costs."  Resp. Response at 3-4.

Petitioner did not file a reply.  This matter is ripe for adjudication.

## II. Entitlement to attorneys' fees and costs

### A.  Legal standard

2

The Vaccine Act provides that reasonable attorney's fees and costs "shall be awarded" for a petition that results in compensation. §15(e)(1)(A)-(B). Even when compensation is not awarded, reasonable attorneys' fees and costs "may" be awarded "if the special master or court determines that the petition was brought in good faith and there was a reasonable basis for which the claim was brought." § 15(e)(1). The Federal Circuit has reasoned that in formulating this standard, Congress intended "to ensure that vaccine injury claimants have readily available a competent bar to prosecute their claims." *Cloer v. Sec'y of Health & Human Servs.*, 675 F.3d 1358, 1362 (Fed. Cir. 2012).

Petitioners act in "good faith" if they filed their claims with an honest belief   that a vaccine injury occurred. *Turner v. Sec'y of Health & Human Servs.,* No. 99-544V, 2007 WL 4410030, at *5 (Fed. Cl. Spec. Mstr. Nov. 30, 2007). In this case, respondent does not contest that this petition was filed in good faith. Further, petitioner has a belief that her neuromyelitis optic was caused by the influenza vaccine she received. I agree that the petition was filed in good faith.

To receive an award of fees and costs, a petitioner must also demonstrate the claim was brought with a reasonable basis through objective evidence supporting "the *claim* for which the petition was brought." *Simmons v. Sec'y of Health & Human Servs.,* 875 F.3d 632 (Fed. Cir. 2017); *see also Chuisano v. Sec'y of Health & Human Servs.,* 116 Fed. Cl. 276, 286 (2014) (citing *McKellar v. Sec'y of Health & Human Servs.,* 101 Fed Cl. 297, 303 (2011)). Petitioner filed accompanying medical records to support her petition, in addition, to filing multiple expert reports to support her claim for vaccine causation and presented her case through her testimony and two expert witnesses at an entitlement hearing. As such, I find that there is reasonable basis to award petitioner reasonable interim attorneys' fees and costs.

### B.  Interim awards

The Vaccine Act permits interim attorneys' fees and costs. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008); *Shaw v. Sec'y of Health & Human Servs.*, 609 F.3d 1372 (Fed. Cir. 2010). In *Shaw,* the Federal Circuit held that it was proper to grant an interim award when "the claimant establishes that the cost of litigation has imposed an undue hardship." 609 F.3d at 1375. In *Avera,* the Federal Circuit stated that "[i]nterim fees are particularly appropriate in cases where proceedings are protracted, and costly experts must be retained." 515 F.3d at 1352. I do not routinely grant interim fee applications. I generally defer ruling on an interim fee application if: the case has been pending for less than 1.5 years (measured from the date of filing); the amount of fees requested is less than $30,000; and/or the aggregate amount of expert costs is less than $15,000.00. If any one of these conditions exists, I generally defer ruling until these thresholds are met or until an entitlement hearing has occurred. These are, however, only informal requirements, and there are ultimately many factors bearing on the merit of an interim fee application. I evaluate each one on its own merits.

This case has been pending since 2017 and the amount of attorneys' fees and costs requested by petitioner exceeds the amounts discussed above. Additionally, an entitlement

hearing in this matter has already occurred. As such, I find that an award of interim attorneys' fees and costs is appropriate.

### III. Reasonable attorneys' fees and costs

#### A. Legal Standard

As stated above, the Vaccine Act only authorizes "reasonable" attorneys' fees and costs. The Federal Circuit has approved use of the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. *Avera*, 515 F.3d at 1349. Using the lodestar approach, a court first determines "an initial estimate of a reasonable attorneys' fee by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" *Id.* at 1347-58 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). Then, the court may make an upward or downward departure from the initial calculation of the fee award based on other specific findings. *Id.* at 1348. Although not explicitly stated in the statute, the requirement that only reasonable amounts be awarded applies to costs as well as to fees. *See Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (1992), *aff'd*, 33 F.3d 1375 (Fed. Cir. 1994).

Special masters have "wide discretion in determining the reasonableness of both attorneys' fees and costs." *Hines v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (1991). They may look to their experience and judgment to reduce the number of hours billed to a level they find reasonable for the work performed. *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993). A line-by-line evaluation of the billing records is not required. *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 483 (1991), *aff'd in relevant part*, 988 F.2d 131 (Fed. Cir. 1993 (per curiam).

The petitioner "bea[rs] the burden of establishing the hours expended, the rates charged, and the expenses incurred" are reasonable. *Wasson*, 24 Cl. Ct. at 484. Adequate proof of the claimed fees and costs should be presented when the motion is filed. *Id.* at 484, n. 1. Counsel "should make a good faith effort to exclude from a fee request hour that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983).

#### B. Hourly rate

The interim fee decision in *McCulloch* provides a framework for consideration of appropriate ranges for attorneys' fees based upon an individual's experience. *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015), *motion for recons. denied*, 2015 WL 6181910 (Fed. Cl. Spec. Mstr. Sept. 21, 2015). The Court has since updated the *McCulloch* rates. The Attorneys Forum Hourly Rate Fee Schedules for 2018-2023 can be accessed online.

##### 1. Hourly rate for Ms. Kate Westad

Petitioner is requesting that her first attorney, Ms. Westad be reimbursed a total of $47,235.34 in attorneys' fees. While Ms. Westad was petitioner's counsel of record, it appears

that her work on this claim was performed at three law firms: Lommen Abdo, P.A., Larkin Hoffman Law Firm, and Sieben Carey, P.A. Int. Fees App. at 3-4; *see also* Pet. Ex. Int. 4-A, 4-C, and 4-E. Petitioner has submitted fee ledgers from each of the law firms Ms. Westad associated with while she was the attorney of record. Petitioner is requesting that Ms. Westad be reimbursed at an hourly rate of $350.00 for 2015-2019. Ms. Westad has been reimbursed at this hourly rate in prior Vaccine cases, I find no reason to adjust her hourly rate. *See Romines v. Sec'y of Health & Human Servs.,* No. 18-1440V, 2020, WL 3046273 (Fed. Cl. Spec. Mstr. May 6, 2020). Thus, I see no cause for a reduction of her rate.

However, petitioner is also requesting an hourly rate of $160-$165 for a technical litigation paralegal at Larkin Hoffman. This rate exceeds the paralegal rate set forth by OSM's Attorneys' Forum Hourly Rate Fee Schedule and shall be reduced to $125.00 per hour. **This will result in a reduction of $84.00 of fees awarded to the firm of Larkin Hoffman.**

### 2. Hourly rate for Mr. David Carney and Mr. Adam Green

Petitioner is requesting that her attorneys, Mr. Carney and Mr. Adam Green, be reimbursed for a total of $194,619.00 in attorneys' fees. Int. Fees App. at 3. Petitioner requests that Mr. Carney be reimbursed at an hourly rate of $350.00 for work performed in 2020; $375.00 for work performed in 2021; $400.00 for work performed in 2022; and $425.00 for work performed in 2023. Petitioner requests that Mr. Green be reimbursed at an hourly rate of $425.00 for work performed on her case in 2022 and 2023.

The hourly rates for Mr. Carney for 2020, 2021, 2022 have previously been approved by other special masters in the Vaccine Program. *See McCabe v. Sec'y of Health & Human Servs.,* No. 19-1916V, 2022 WL 1415599 (Fed. Cl. Spec. Mstr. Mar. 25, 2022). Thus, I find no reason to adjust the rates for Mr. Carney.

Petitioner is requesting that Mr. Green be reimbursed at an hourly rate of $400.00 for work performed in 2020 and 2021 and a rate of $425.00 for work performed in 2022 and 2023. Int. Fees App. at 9. Petitioner states that these rates are consistent with the Forum Rates approved for Philadelphia, Pennsylvania, and these rates are consistent with the rates Mr. Green customarily changes. *Id.* It is not disputed that attorneys practicing in Philadelphia, Pennsylvania can be awarded OSM Forum Rates, however, consistent with the decision I authored in *McCulloch,* there are other factors that determine an hourly rate for attorneys in the Vaccine Program. *See McCulloch v. Sec'y of Health & Human Servs.,* No. 09-293V, 2015 WL 5634323, at *17 (Fed. Cl. Spec. Mstr. Sept. 1, 2015). The factors to determine a reasonable hourly rate include the "experience in the Vaccine Program, overall legal experience, the quality of the work performed, and the reputation in the legal community and community at large." *Id.* Mr. Green has been a practicing attorney since 2004. Int. Fees App. at 8. However, he was admitted to the Court of Federal Claims to practice vaccine litigation in 2020. Thus, he has less experience in the Vaccine Program than Mr. Carney and a reduction of his hourly rate is warranted. **As such, I will reduce his hourly rate requested for 2020-2021 to $375.00 and his hourly rate for 2022-2023 to $400.00. This will result in an overall reduction of attorneys' fees by $1,375.00.**

### C. Hours expended

A line-by-line evaluation of the fee application is not required and will not be performed. *Wasson*, 24 Cl. Ct. at 484.  Rather, I may rely on my experience to evaluate the reasonableness of hours expended.  *Id.*  Just as "[t]rial courts routinely use their prior experience to reduce hourly rates and the number of hours claimed in attorney fee requests …. [v]accine program special masters are also entitled to use their prior experience in reviewing fee applications." *Saxton*, 3 F.3d at 1521.

Petitioner has submitted detailed invoices from Ms. Kate Westad and Mr. Carney and Mr. Green which provides dates, detailed descriptions of the task(s) performed, the requested rate, and the time expended.  Based on my experience and my familiarity with the work performed by the attorneys in this case, the length of time this case has been pending in the Vaccine program, and the procedural history of the case, which includes a two-day entitlement hearing, the hours expended appear to be reasonable.  Thus, the only reduction in petitioner's request for attorneys' fees will be in accord with the rate reduction for Mr. Green set forth above.

### D. Attorneys' costs

Like attorneys' fees, costs incurred-by counsel or petitioners themselves-must be reasonable to be reimbursed by the Program.  *Perreira*, 27 Fed. Cl. Ct. 29, 34.  Petitioner is requesting the following amount in attorneys' costs for the different law firms which handled her case:

| | |
|---|---|
| **Lommen Abdo, P.A. Costs:** | **$736.02** |
| **Larkin Hoffman Law Firm Costs:** | **$8,606.85** |
| **SiebenCarey, P.A. Costs:** | **$4,726.30** |
| **Green & Schafle Costs:** | **$56,559.47** |

### 1. Costs associated with representation by Ms. Kate Westad

The costs associated with the three law firms listed above where Ms. Westad worked while being petitioner's counsel appear to be reasonable.  Additionally, petitioner has submitted detailed invoices for the litigation costs, which include the filing fee, obtaining medical records, and mailing costs.  *See* Int. Fees. App. at Ex.4-D, 4-F, and 4-C.  The costs associated with SiebenCarey, P.A. also include the retention of Dr. Justin Willer.  *Id.* at Ex. 4-F at 127.  Dr. Justin Willer, a neurologist, charged $500.00 per hour  in 2019 and 2020.  His work for this time period includes reviewing petitioner's medical records, drafting the initial expert report, drafting a responsive report, and acquiring the medical literature to accompany his reports.  Additionally, Dr. Willer's rate of $500.00 per hour for 2019 and 2020 are consistent with the rates he has been awarded in other Vaccine Program cases.  *See Martinez v. Sec'y of Health & Human Servs.,* No. 16-738V, 2022 WL 1210556, at *5-6 (Fed. Cl. Spec. Mstr. Mar. 29, 2022).  These costs appear to be reasonable.  Thus, the attorneys' costs incurred by Ms. Westad while she was representing the petitioner will be reimbursed in full.

## 2.   Costs associated with representation by Mr. Carney

Petitioner is requesting that the firm Green & Schafle be reimbursed for a total of $56,559.47.  Some of these costs include obtaining medical records, which is a typical expense of the Vaccine Program.  However, the bulk of these costs are associated with additional expert fees incurred.

As discussed above, Dr. Willer provided two expert reports in 2019 and 2020, then he wrote a supplemental report in 2021 and he testified at petitioner's entitlement hearing.  He is requesting that his hourly rate be increased to $550.00 per hour for his work performed in 2022, while his rate for work performed in 2021 remain at $500.00 per hour.  Petitioner also submitted a statement from Dr. Willer outlining his credentials as a neurologist and explaining his experience testifying as an expert in Vaccine Program cases.  *See* Int. Fees. App. Ex. 4-H.  As the Chief Special Master explained in *Martinez,* Dr. Willer's rate of $500.00 per hour appears to be reasonable given his increased experience in the Vaccine Program.  *Martinez,* at *5.  Additionally, Chief Special Master Corcoran explained that a rate increase which began at the start of the calendar year, as opposed to mid-year, may be supported for 2022.  *Id.*  I have reviewed Dr. Willer's expert reports in this matter and heard him testify before the Court and find that the increase in his rate to $550.00 to be reasonable.

Additionally, petitioner also had immunologist, Dr. Steinman prepare two expert reports regarding vaccine causation and testify at the entitlement hearing.  *See* Pet. Exs. 33, 38.  Dr. Steinman charges $550.00 per hour for his services.  Int. Fees App. at 51.  Dr. Steinman's invoice indicated that he worked a total of 60.5 hours, for a total of $33,275.00.  Int. Fees App. Ex. 2.  Dr. Steinman's rate of $550.00 per hour has been approved by myself and other special masters for his expert testimony in the Vaccine Program.  *See Anderson v. Sec'y of Health & Human Servs.,* No. 20-440V, 2022 WL 3151737 (Fed. Cl. Spec. Mstr. July 13, 2022).  As such, I will approve the costs associated with the work performed by Dr. Steinman.

**Accordingly, the attorneys' costs incurred by Green & Schafle shall be awarded in full with no reduction.**

## IV. Conclusion

In accordance with the foregoing, petitioner's motion for interim attorneys' fees and costs is **GRANTED.**  Therefore, I award the following in interim attorneys' fees and costs:

A)   **A lump sum payment of $3,178.52, representing reimbursement for attorneys' fees and costs in the form of a check payable jointly to petitioner and petitioner's counsel, Lommen Abdo, P.A.;**

B)   **A lump sum payment of $42,502.35, representing reimbursement for attorneys' fees and costs in the form of a check payable jointly to petitioner and petitioner's counsel, Larkin Hoffman Law Firm;**

C)   **A lump sum payment of $15,539.64, representing reimbursement for attorneys'**

fees and costs in the form of a check payable jointly to petitioner and petitioner's counsel, Sieben Carey, P.A.; and

D) **A lump sum payment of $249,803.47, representing reimbursement for attorneys' fees and costs in the form of a check payable jointly to petitioner and petitioner's counsel, Mr. David J. Carney, of Green & Schafle, LLC.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[2]

**IT IS SO ORDERED.**

<u>s/Thomas L. Gowen</u>
Thomas L. Gowen
Special Master

---

[2] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).